# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | |
|---|---|
| MIK-HAIL HAYES )<br>)<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA ) | Case No. CV414-225<br>CR410-094 |

## REPORT AND RECOMMENDATION

Mik-Hail Hayes moves this Court for 28 U.S.C. § 2255 relief. CR410-094, doc. 45. The September 14, 2010 judgment in this case shows that he pled guilty and was sentenced to 120 months for violating 18 U.S.C. § 922(g)(1). Doc. 25. His plea agreement waived his right to direct appeal and collateral review (except for reasons he does not cite here).[1] Consistent with his double waiver, he did not file a timely direct

---

[1] From his plea agreement:

> **LIMITED WAIVER OF APPEAL.** To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in *any* post-conviction proceeding, *including* a § 2255 proceeding, on *any* ground, except that: the Defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the Defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The Defendant understands that this Plea Agreement

appeal. Over a year later, he *pro se* filed a direct appeal, doc. 32, but it was dismissed for lack of prosecution on July 5, 2013. Doc. 39, *corrected,* doc. 43. On October 7, 2014, Hayes signed his § 2255 motion. Doc. 45 at 20, 35.

Upon preliminary review under 28 U.S.C. § 2255 Rule 4(b), the motion must be denied. A § 2255 motion is timely if filed within a year of the date that a conviction becomes final. 28 U.S.C. § 2255(f). Since Hayes took no timely appeal, his conviction became final 14 days after his September 14, 2010 judgment of conviction. Fed. R.App. P. 4(b)(1)(A) (criminal defendant has fourteen days to file appeal); *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) ("[W]hen a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires."); *Stokes v. United States*, 2014 WL 5198746 at * 1 (M.D. Ala. Oct. 14, 2014).

Hayes says he was not released from State custody into federal custody until October 8, 2013. Doc. 45 at 3. He reasons that § 2255(f)'s

---

does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the Defendant may also file a direct appeal of the sentence.

Doc. 24 at 5 (emphasis added).

2

one-year clock did not start to tick until that date. *Id.* Congress, however, did not provide for that exception in § 2255(f), so defendant's § 2255 motion must be **DENIED** as untimely.[2] Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

Finally, the Court notes that attorney Nicholas L. Bruce failed to file a Notice of Post-Conviction Consultation Certification, which is required in cases before this Court.[3] *See, e.g., United States v. Mills,*

---

[2] He cites *Alleyne v. United States*, 570 U.S. ___, 133 S.Ct. 2151 (2013) in an effort to invoke § 2255(f)(3), which restarts the one-year clock for a new right retroactively applicable on collateral review. Doc. 45 at 13-17. However, "*Alleyne* does not apply retroactively on collateral review." *Garcia v. United States*, 2014 WL 4783717 at * 1 (11th Cir. Sept. 26, 2014).

Hayes also complains that he asked his lawyer to file a direct appeal but his lawyer failed to do so. Doc. 45 at 10-12. But this (ineffective-assistance) claim is also time-barred, and Hayes pleads no equitable tolling.

[3] As explained in *Holland v. United States*, CV614-101, doc. 2 at 11-12 n. 8 (S.D. Ga. Oct. 14, 2014) and *Ortega v. United States*, 2014 WL 3012657 (S.D. Ga. July 2, 2014), lawyers ordinarily have a duty to consult with their client about taking a direct appeal -- even in appeal-waiver cases. *See Ortega*, 2014 WL 3012657 at * 1; *United States v. Henderson*, 2014 WL 4063930 at * 2 (E.D. La. Aug. 13, 2014) (citing this Court's Notice form in granting a second-chance appeal: "It is clear that, even though Henderson waived virtually all of his post-conviction and appellate rights, his

3

CR614-017, doc. 18 (S.D. Ga. Oct. 16, 2014). If he is in possession of an executed Certification, he is **DIRECTED** to file it immediately. And if he is not, then he is reminded that he must comply with the filing requirement in all future cases.

**SO REPORTED AND RECOMMMENDED,** this 30th day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

counsel's failure to file a requested notice of appeal constitutes *per se* ineffective assistance of counsel.").

Every lawyer's failure to do so (and file the Notice proving that fact) can result in costly evidentiary hearings and "second-chance appeals." *Hayes v. United States*, 2011 WL 3468799 at * 5 n. 5 (S.D. Ga. Aug. 9, 2011) ("It is not difficult to estimate that § 2255 motions like this cost the taxpayers $10,000 or more, and in a time of record national debt."), *adopted*, 2011 WL 4704219 (S.D. Ga. Oct. 6, 2011).

Hence, this Court has developed a form designed to memorialize counsel's consultation with his client and reflect the client's wishes regarding an appeal. *See Guyton v. United States*, 2013 WL 1808761 at * 2 (S.D. Ga. Apr. 29, 2013) (noting that the Notice of Counsel's Post–Conviction Obligations requires that both counsel and client execute the form, thus preserving a record of defendant's instructions regarding an appeal). It also has recently given new emphasis to that form by cautioning counsel that the failure to utilize it following a conviction will result in these consequences: (1) counsel appointed under the Criminal Justice Act will not be paid for their services, and (2) counsel (whether retained or appointed) may be subject to sanctions, to include paying some or all of the expenses associated with conducting a § 2255 hearing that would have been unnecessary had the form been used.

4